# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. HAWKINS, | CASE NO. 1:10-cv-00246 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| C/O BARDONNEX, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  This case proceed on the original complaint filed on February 16, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.     Plaintiff's Claims**

12   Plaintiff, an inmate in the custody of the California Department of Corrections and
13 Rehabilitation (CDCR) at Kern Valley State Prison (KVSP), brings this civil rights action against
14 the following defendants employed by the CDCR at KVSP: Sergeant P. Acosta; Correctional Officer
15 (C/O) G. Bardonnex; C/O D. Zavala. Plaintiff's claim stems from a fall suffered by Plaintiff at
16 KVSP.

17   Plaintiff alleges that C/O Bardonnex placed Plaintiff in handcuffs. Bardonnex then directed
18 Plaintiff to walk towards C/O Zavala, who signaled Plaintiff to walk towards him. Plaintiff alleges
19 that he walked towards Zavala "without any support or safety while Defendant Zavala stood feets
20 away from the Plaintiff awaiting the Plaintiff to get closer to escort the Plaintiff. Instead of Zavala
21 walking over to the Plaintiff and retrieve the Plaintiff applying the Plaintiff with protection to ensure
22 the plaintiff did not severely harm self while in restraints." Plaintiff fell down 5 or 6 steps, causing
23 severe pain and agony, as well as causing Plaintiff's knee to dislocate. (Compl. p. 3A: 1-12.)

24   **A.     Eighth Amendment**

25   The Eighth Amendment protects prisoners from inhumane methods of punishment and from
26 inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
27 Extreme deprivations are required to make out a conditions of confinement claim, and only those
28 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff has not alleged any facts indicating that Defendants were deliberately indifferent to a serious risk to Plaintiff's safety. Plaintiff alleges that he was handcuffed behind his back, and told to walk downstairs toward C/O Zavala. While doing so, Plaintiff fell. As noted above, mere negligence is insufficient to state a claim for relief. Plaintiff must allege some facts indicating that Defendants' conduct was wanton. Although Plaintiff levels the conclusory allegation that Defendants were deliberately indifferent, he alleges no facts to support that conclusion. Plaintiff's allegations indicate, at most, negligence. Plaintiff's allegations indicate that his injury was an accident, resulting from Defendant's failure to "cautiously move" Plaintiff. (Compl. p. 3A:16.) This claim should therefore be dismissed.

### B. Equal Protection

Plaintiff also claims that Defendants' conduct violated the Equal Protection clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. See, e.g. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). "Prisoners are protected under the Equal Protection Clause from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts indicating that he is a member of a suspect class, or that any conduct of Defendants' was motivated by Plaintiff's membership in a suspect class. This claim should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 10, 2011**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE